a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEROY HOBSON, <br> Plaintiff | CASE NO. 1:18-CV-0823; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| NEIL JAFFE, <br> Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Leroy Hobson ("Hobson") (#437208). Hobson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Caldwell Correctional Center in Grayson, Louisiana. Hobson complains that his due process rights were violated with respect to a disciplinary conviction while incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. Hobson seeks the restoration of good time credits and monetary damages.

Because Hobson cannot obtain the restoration of good time credits through a § 1983 claim, and his claim for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), Hobson's complaint should be dismissed.

I. Background

Hobson alleges he was wrongfully convicted of a disciplinary violation for which he lost 90 days of good conduct time. (Doc. 1, p. 3). Specifically, Hobson claims that Corporal Neil Jaffe improperly added information to the original report and failed to provide Hobson with a copy. Hobson also complains that he was not present

when his cell was searched, and that he did not receive a copy of the lab report. Hobson claims he appealed the disciplinary conviction.

II. Law and Analysis

    A. Hobson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Hobson is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Hobson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Hobson's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.   Hobson's claim should be dismissed under §§ 1915(e)(2)(b) and 1915A.

Hobson seeks the reinstatement of good time credits, as well as monetary damages. (Doc. 1, p. 4). "A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). A habeas action is the proper procedure for challenging the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (sole federal remedy for state prisoner challenging the fact or duration of his physical imprisonment and seeking an immediate or a speedier release from custody is a writ of habeas corpus). Therefore, Hobson's request for the reinstatement of good time should be dismissed.

Additionally, if a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a § 1983 action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. See Heck at 487 (1994). A "conviction," for purposes of Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641 (1997). An award of damages related to his lost good time credits would necessarily imply the invalidity of Hobson's disciplinary conviction. Because Hobson's disciplinary conviction has not been reversed, expunged, or declared invalid, his claim

3

for monetary damages should be dismissed. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hobson's request for the restoration of good time be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A, and Hobson's claim for monetary damages be DENIED and DISMISSED with prejudice to being asserted again until such time as the Heck conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

---

[1] DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007). ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

4

5

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>24th</u> day of July, 2018.

                                                     Joseph H.L. Perez-Montes
                                                     United States Magistrate Judge